UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK A. FISHER,

    Plaintiff,

v.	CASE NO. 6:07-cv-906-Orl-31KRS

STATE OF FLORIDA, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, confined in a Florida prison and proceeding *pro se*, filed an amended civil rights complaint (Doc. No. 6) pursuant to 42 U.S.C. § 1983.[1] Under 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[2]

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff's original complaint (Doc. No. 1) named a variety of defendants, but his amended complaint lists only one defendant: Dawn Manning.

[2] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F. Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that his equal protection and due process rights were violated because he was "illegally arrested and prosecuted on two separate occasions since 2002." (Doc. No. 6 at 7.) According to Plaintiff, he has been "under direct attack of the Volusia County Court . . . as a direct result of" Defendant Dawn Manning's belief that Plaintiff murdered his daughter in 1986. *Id*. Plaintiff contends that Defendant Manning, an assistant state attorney, prosecuted Plaintiff on two separate occasions since 2002 and caused him to be sent to prison for crimes he did not commit. *Id*. at 8. He seeks fifty million dollars in damages.

Defendant is immune from suit under section 1983 for acts taken during the course of her duties as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as

an advocate). In the present case, Defendant is cloaked with absolute immunity for the alleged improper activities which were associated with the judicial phase of the proceedings. *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987). Consequently, Defendant is entitled to absolute immunity for the alleged wrongdoings set forth in the amended complaint, and this case must be dismissed as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED as frivolous**.

2. All pending motions are **DENIED.**

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 20th day of June, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 6/20
Mark A. Fisher